**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Harry T. McDowell, Jr. and Kristina A. McDowell, | : | |
| Debtors. | : | Bankruptcy No. 17-18672-MDC |

# **O R D E R**

**AND NOW**, on February 13, 2018, Harry T. McDowell, Jr. and Kristina A. McDowell (the "Debtors") caused to be filed a reaffirmation agreement with creditor Toyota Motor Credit Corp. (the "Reaffirmation Agreement").[1]

**AND**, the Debtors were represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the attorney filed a certification that the Debtors were counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtors acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtors signed the Reaffirmation Agreement.

**AND**, there is no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary. *See* 11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. *See* 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A)

---

[1] Bankr. Docket No. 16.

(requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C.

§524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated:  February 15, 2018

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Terry P. Dershaw, Esquire
Dershaw Law Offices
P.O. Box 556
Warminster, PA 18974-0632

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107