United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 17-18672-mdc
Harry T. McDowell, Jr.                                          Chapter 7
Kristina A McDowell
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2           User: DonnaR              Page 1 of 1              Date Rcvd: Feb 15, 2018
                               Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 17, 2018.
db             +Harry T. McDowell, Jr.,    5918 Lawndale Street,    Philadelphia, PA 19120-1210

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 17, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 15, 2018 at the address(es) listed below:
              BRAD J. SADEK    on behalf of Debtor Harry T. McDowell, Jr. brad@sadeklaw.com,   bradsadek@gmail.com
              BRAD J. SADEK    on behalf of Joint Debtor Kristina A McDowell brad@sadeklaw.com,
               bradsadek@gmail.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              TERRY P. DERSHAW    td@ix.netcom.com,    PA66@ecfcbis.com;7trustee@gmail.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Harry T. McDowell, Jr. and Kristina A. McDowell, | : | |
| Debtors. | : | Bankruptcy No. 17-18672-MDC |

# O R D E R

**AND NOW**, on February 13, 2018, Harry T. McDowell, Jr. and Kristina A. McDowell (the "Debtors") caused to be filed a reaffirmation agreement with creditor Toyota Motor Credit Corp. (the "Reaffirmation Agreement").[1]

**AND**, the Debtors were represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the attorney filed a certification that the Debtors were counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtors acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtors signed the Reaffirmation Agreement.

**AND**, there is no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary. *See* 11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. *See* 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A)

---

[1] Bankr. Docket No. 16.

(requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C.

§524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated:  February 15, 2018

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Terry P. Dershaw, Esquire
Dershaw Law Offices
P.O. Box 556
Warminster, PA 18974-0632

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107